IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT III,

    Plaintiff,

   v.                                                                               No. CIV 15-0440 MV/LF

STATE OF NEW MEXICO,
DET. MIKE RICKARDS (L645),
CITY OF LAS CRUCES,
CHIEF OF POLICE (JAIME MONTOYA),
DET. JEFF FERGUSEN,
CHIEF OF POLICE FOR DEMING (JOHN DOE),
DEMING POLICE OFC. Z. ZIGMON,
DIRECTOR OF LUNA COUNTY DETENTION
CENTER (JOHN OR JANE DOE),
LUNA COUNTY DETENTION CENTER BOOKING
OFFICER JOHN DOE 1 AND JOHN DOE 2,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has filed a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 ("IFP"). Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1). Also before the Court are Plaintiff's motions for extensions of time to cure deficiencies (Docs. 5, 8). The deficiencies have been cured, and these motions will be denied as moot. For reasons set out below, the Court will dismiss certain of Plaintiff's claims.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§ 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that Defendants violated a number of Plaintiff's federal and state constitutional protections during his arrest, detention, and criminal prosecution for evading, eluding, or obstructing an officer (service of process).  According to the complaint, in August, 2013, Defendant Rickards filed the charges because Plaintiff refused to cooperate with a search warrant to allow a buccal swab for DNA.  At about the same time, Plaintiff was also indicted for several acts of auto burglary.  The New Mexico Corrections Department's website indicates that he is currently serving a sentence for burglary of a vehicle.  *See* http://cd.nm.gov/ (last visited on October 13, 2015).  On April 8, 2015, the district attorney filed a nolle prosequi on the evading/obstructing charge.

Plaintiff makes seven Claims in the complaint.  In Claim I, he alleges that Defendant Rickards, a Las Cruces (Dona Ana County) police officer, called Plaintiff on the telephone at Plaintiff's residence in Deming (Luna County) and, without advising him of his *Miranda* rights, attempted to question him about auto burglaries.  Plaintiff refused to talk to Defendant Rickards.

2

This refusal became the basis of the evading/obstructing charge asserted in Claim II. Claim III is based on the allegation that a magistrate judge issued a warrant on the "bogus" charge. Plaintiff directs this claim against Defendant State of New Mexico for failing to properly train the magistrate judge. Claim IV asserts that the police chiefs in both Las Cruces and Deming, and other unspecified supervisory entities, are liable on the "bogus warrant" allegation for failing to investigate the alleged incident and to properly train or supervise their subordinates. Plaintiff also asserts in Claim IV that Defendant Rickards conspired with Officers Fergusen and Zigmon to effect Plaintiff's wrongful arrest.

In Claim V, Plaintiff alleges that Defendant Zigmon took him to the Luna County Detention Center, where Defendant John Doe (1) Booking Officer booked him and Defendant John Doe (2) Booking Officer strip-searched him. He contends that the John or Jane Doe director of the detention center failed to train or supervise his subordinates and illegally detained Plaintiff. Claim VI asserts that Plaintiff was denied a fair trial, and his double jeopardy protections were violated, as a result of defective warrant and grand jury target notices. The central allegation is that he was illegally tried separately on the auto burglary charges instead of in one consolidated proceeding. In Claim VII, Plaintiff asserts that he was wrongfully subjected to grand jury proceedings, and subjected to malicious prosecution, as a result insufficient evidence and Defendant Rickard's perjury. As noted above, the prosecution filed a notice of nolle prosequi on the evading/obstructing charge.

No relief is available on the allegation in Claim I that Defendant Rickards attempted to question Plaintiff without reading him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). "The law in this circuit is clear . . . that the only remedy available for a *Miranda* violation is the suppression of any incriminating statements." *Lewis v. Nelson*, No. 96-3400, 1997 WL 291177,

3

at \*\*3 (10th Cir. June 2, 1997) (citing *Bennet v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976)). "No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act." *Bennet*, 545 F.2d at 1263; *see also Lewis*, 1997 WL 291177, at \*\*3.  The *Miranda* claim will be dismissed.

In Claim III Plaintiff alleges that the State failed to train the magistrate judge who issued the warrant "for [the] bogus charge."  He quotes certain laws but makes only conclusory claims about the failure to train.  Count [sic] IV Plaintiff alleges that the officers conspired to arrest and detain Plaintiff.  He also alleges, without factual support, that the chiefs of police in Las Cruces and Deming failed to inquire about or prevent the arrest and detention of Plaintiff and failed to train or supervise the officers involved.  Plaintiff's allegations against the supervisory Defendants do not affirmatively link them to the various violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  The Court will dismiss Claim III and the failure to train claim in Count [sic] IV.

In Count [sic] V, Plaintiff's allegation that Defendant John Doe (1) booked him in to the Luna County Detention Center fails to support a constitutional claim.  "[A]bsent any objectively apparent lack of a basis for a detention which should arouse suspicion, a jailer cannot be expected to assume the mantle of a magistrate to determine the probable cause for an arrest."  *Dry v. United States,* 235 F.3d 1249, 1259 (10th Cir. 2000) (internal quotation marks omitted) (citing *Martinez v. City of Los Angeles,* 141 F.3d 1373, 1380 (9th Cir. 1998); *Wood v. Worachek,* 618 F.2d 1225, 1231 (7th Cir. 1980)).  Plaintiff's allegations of "bogus charges" and defective warrant do not an

"objectively apparent lack of a basis for a detention," *Dry,* 235 F.3d at 1259, and Plaintiff's claim against Defendant John Doe (1) in Count [sic] V will be dismissed.  The failure-to-train claim against Defendant Director of Luna County Detention Center (John Doe or Jane Doe) will be dismissed for the reasons stated above as to Claim III and Count [sic] IV.  Plaintiff will be allowed a reasonable time to identify Defendant John Doe (2) on the strip-search claim in Count [sic] V.

In Count [sic] VI, Plaintiff alleges that he received four separate target notices, and four separate grand jury proceedings were held on the charges against him.  He also alleges that he was tried twice, apparently as grounds for a double jeopardy claim.  No Defendant is identified on this claim, and Plaintiff will be allowed time to identify the individual(s) who subjected him to double jeopardy.  Last, Plaintiff provides no factual support for his claim against Defendant City of Las Cruces.  In the absence of allegations that "a municipal '*policy or custom*' caused a plaintiff to be deprived of a federal right," *Los Angeles County v. Humphries*, 562 U.S. 29, 32-33 (2010), Plaintiff's claims against this Defendant will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motions for extensions of time (Docs. 5, 8) are DENIED as moot, his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial filing fee payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims I, III, the supervisory claim in Count [sic] IV, and the claim against John Doe (1) in Count [sic] V are DISMISSED; and Defendants

State of New Mexico, City of Las Cruces, Chief of Police (Jaime Montoya), Chief of Police For Deming (John Doe), Director of Luna County Detention Center (John or Jane Doe), and Luna County Detention Center Booking Officer John Doe (1) are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, to Defendants Mike Rickards and Jeff Ferguson, c/o Las Cruces Police Department, 217 E. Picacho, Las Cruces, NM 88001; and Z. Zigmon, c/o Deming Police Department, 700 E. Pine St., Deming, NM 88030.

_____
UNITED STATES DISTRICT JUDGE