IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

      Plaintiff,

vs.                                No. CV 15-00440 MV/LF

DET. MIKE RICKARDS,
DET. JEFF FERGUSEN, DEMING
POLICE OFC. Z. ZIGMON, and
JOHN DOE 2,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the 1983 Prisoner Civil Rights Complaint filed by Plaintiff Alree B. Sweat III ("Complaint") (Doc. 1), the Motion to Dismiss for Failure to State a Claim filed by Defendant Zack Sigmon (Doc. 22) and the Answer to the Complaint filed by Defendants Michael Rickards and Jeffery Ferguson (Doc. 18). The Court will dismiss Plaintiff Sweat's Complaint for failure to state a claim on which relief can be granted.

*Nature of the Case and Prior Proceedings*

This is a prisoner civil rights case brought by Plaintiff Alree B. Sweat III under 42 U.S.C. § 1983. Plaintiff Sweat is proceeding pro se and in forma pauperis. (Doc. 12 at 1). Sweat filed his Prisoner's Civil Rights Complaint (Doc. 1) ("Complaint") on May 22, 2015. The Complaint named the State of New Mexico, Det. Mike Rickards, City of Las Cruces, Chief of Police Jaime Montoya, Det. Jeff Ferguson, Chief of Police for Deming (John Doe), Deming Police Ofc. Z.

1

Zigmon, Director of Luna County Detention Center (John or Jane Doe), Luna County Detention Center Booking Officer John Doe (1) and John Doe (2). (Doc. 1).

On February 24, 2016, the Court entered a *sua sponte* Memorandum Opinion and Order under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). (Doc. 12). The Court's Memorandum Opinion and Order dismissed Plaintiff's claims I, III, the supervisory claim in Count [sic] IV, and the claim against John Doe (1) in Count [sic] V for failure to state a claim on which relief can be granted. (Doc. 12 at 5). The Memorandum Opinion and Order also dismissed all claims against the State of New Mexico, City of Las Cruces, Chief of Police (Jaime Montoya), Chief of Police for Deming (John Doe), Director of Luna County Detention Center (John or Jane Doe), and Luna County Detention Center Booking Officer John Doe (1). (Doc. 12 at 6). The Court's Order permitted the claims in Claim II, Count V as to John Doe (2), Count VI and Count VII to proceed. The Court granted Sweat a reasonable time to identify Luna County Detention Center Booking Officer John Doe (2) for purposes of Count V and to identify the individuals alleged to have subjected him to double jeopardy for purposes of Count VI. The Court directed issuance of notice and waiver of service forms to Defendants Mike Rickards, Jeff Ferguson and Z. Zigmon. (Doc. 12 at 5, 6).

Defendant Zack Sigmon, incorrectly identified in the Complaint as "Z. Zigmon," entered an appearance through counsel and filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) based on claim or issue preclusion. (Doc. 22). Defendants Michael Rickards and Jeffrey Ferguson also appeared and filed an Answer asserting the defense of failure to state a claim and claim preclusion. (Doc. 18). Plaintiff Sweat has filed a Motion to Amend his Complaint to name Luna County Detention Center Officer Chris Verduzco as a defendant in place of John Doe (2).

2

(Doc. 20). Also pending before the Court are Plaintiff Sweat's Motion for Default Judgment (Doc. 26) and Motion for Appointment of Counsel (Doc. 43).

### *Statement of Facts and Allegations*

In June of 2013, Plaintiff Alree B. Sweat III was notified that he was the target of a grand jury investigation in Dona Ana County, New Mexico. Sweat was being investigated for multiple crimes of burglary of a vehicle committed in Dona Ana County in April and May, 2013. (Doc. 1 at 32–37). The crimes were being investigated by Las Cruces Police Department Detective Michael Rickards. (Doc. 1 at 30–31). During the course of his investigation, Detective Rickards learned that possible DNA blood evidence had been recovered during preliminary investigation of the auto burglaries. Detective Rickards sent the evidence to the New Mexico Department of Public Safety Forensic Laboratories in Santa Fe for analysis and received a confirmation letter from the New Mexico DNA Identification System that there was a confirmed offender match to Plaintiff Sweat. (Doc. 1 at 30–31). On August 7, 2013, Rickards obtained a Search Warrant for oral/buccal swabs from Sweat to send as a standard to the laboratory. The Search Warrant was signed by Judge Conrad Perea. (Doc. 1 at 31).

On August 8, 2013 Detective Rickards contacted Chris from Action Bail Bonds to ask for assistance in arranging a meeting with Sweat. Chris provided him with Sweat's telephone number and address in Deming, New Mexico, and informed Detective Rickards that Sweat was unwilling to cooperate. (Doc. 1 at 31). Detective Rickards contacted Sweat by telephone and advised him of the Search Warrant. Sweat advised Rickards he would not comply. (Doc. 1 at 31). Rickards then filed a Criminal Complaint in Dona Ana County Magistrate Court on August 9, 2013, charging Sweat with the crime of Resisting, Evading or Obstructing an Officer contrary to Section 30-22-1(A) NMSA 1978. (Doc. 1 at 29). Rickards also filed a sworn Statement of Facts

in Support of Complaint setting out the facts to establish probable cause to believe that Sweat committed the crime charged. A bench warrant was issued for Sweat's arrest. (Doc. 1 at 30–31).

On August 9, 2013, Sweat was arrested by Deming Police Officer Zack Sigmon in Deming, Luna County, New Mexico. Officer Sigmon transported Sweat to the Luna County Detention Center where he was detained until Detective Jeff Ferguson of the Las Cruces Police Department arrived. While at the Luna County Detention Center, Sweat was booked, taken to a room and asked to strip for a visual inspection, given a prison uniform, and escorted to get bedding by officer John Doe (2) (now identified as Officer Chris Verduzco) prior to being placed in a housing unit. (Docs. 1 at 7; 20-1 at 11–15). Detective Ferguson arrived at the Detention Center, executed the Search Warrant, and obtained a DNA sample from Sweat. (Doc. 1 at 15).

Sweat was later convicted on multiple counts of burglary of a vehicle and is serving sentences in the New Mexico state correctional system. *See State v. Sweat,* Dona Ana County cause nos. D 307-CR-201300452 and D-307-CR-201301165; *see also State v. Sweat*, 2016 WL 6562968 (Ct. App. N.M. 2016). A *nolle prosequi* was entered on the charge of Resisting, Evading or Obstructing an Officer by the Dona Ana County District Attorney's Office on April 8, 2014. (Doc. 1 at 38).

Sweat has filed two previous actions arising out of the same operative facts. In *Sweat v. Judge Conrad Perea,* No. CV 14-00034 LH/LAM, Sweat brought claims against Judge Perea, who issued the search warrant, Detective Rickards (improperly named as Det. Mike Richards), Det. John Doe of LCPD, and Deming Police Officer John Doe.  The Court dismissed the claims against Detective Rickards, Det. John Doe of LCPD, and Deming Police Officer John Doe for failure to state a claim on which relief could be granted. *See* CV 14-00034 Doc. 19. Sweat filed the same claims in No. CV 14-00227 MCA/WPL. The Court found that the claims in CV 14-

4

00227 were duplicative of the claims asserted in CV 14-00034 and dismissed them on that basis. *See* CV 14-00227 Doc. 33. Sweat did not appeal the Court's ruling in either case.

### I. *Plaintiff Sweat's Pending Motions*

#### A. *Motion for Default Judgment*

Plaintiff Sweat has filed a Motion for Default Judgment seeking entry of default against Defendants Sigmon, Rickards, and Ferguson. (Doc. 26). Under Fed. R. Civ. P. 55, the Court may enter a default only where the record shows that a defendant has failed to plead or otherwise defend. The record in this case does not show that Defendants Sigmon, Rickards, and Ferguson have failed to plead or otherwise defend. To the contrary, all three Defendants have appeared and are defending this action. (Docs. 18, 22). The Court will deny the Motion for Default Judgment.

#### B. *Motion for Appointment of Counsel*

Also before the Court is Plaintiff Sweat's Motion for Appointment of Counsel. (Doc. 43). United States District Courts lack the authority to appoint counsel to represent indigent prisoners in §1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, the court is to consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Plaintiff Sweat's filings have adequately articulated the claims he seeks to prosecute. As set out, below, the allegations of Plaintiff's Complaint and the additional materials in the record fail to state any claim for relief. Sweat's Memorandum of Law in Support of Plaintiff's Motion for Appointment of Counsel (Doc. 41) does not convince the Court that any assistance by counsel would change the fact that Plaintiff's contentions are legally insufficient. The Court will deny the Motion for Appointment of Counsel.

### C.  *Motion for Leave to File an Amended Complaint*

Sweat has filed a Motion for Leave to File an Amended Complaint. (Doc. 20). In his Motion for Leave, Sweat seeks to substitute Officer Chris Verduzco for "John Doe (2)." As set out in part II.B.iv, below, Sweat's strip-search allegations against John Doe 2 do not state a legally sufficient claim for relief and will be dismissed. Therefore, allowing Sweat to amend to substitute Officer Verduzco would be futile. *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Sweat also seeks to amend to name Defendant Rickards as the individual who subjected him to double jeopardy for purposes of Count VI of the Complaint. (Doc. 20 at 2). Count VI of the Complaint asserts that Sweat was "tried twice" when the state court denied consolidation of separate grand jury indictments for multiple offenses. (Doc. 1 at 18). Defendant Rickards, however, is a police officer, not a prosecutor, and could not have prosecuted Sweat twice for the same crime. Allowing Sweat to amend to assert a double jeopardy claim against Officer Rickards would also be futile. The Court will deny Sweat's Motion for Leave to File an Amended Complaint. *Hall*, 935 F.2d 1109.

## *II.  Sweat's Complaint Fails to State a Claim for Relief*

### *A.  Standards for Failure to State a Claim*

Plaintiff Sweat is proceeding pro se and *in forma pauperis*.  The Court may dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) "the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The authority granted by § 1915 permits the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall,* 935 F.2d at 1109. "[T]he authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The court is not required to accept the truth of the

7

plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32–33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Fed. R. Civ. P. 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### B. Plaintiff's Allegations are Barred by Res Judicata and Fail to State a Claim for Relief

All three Defendants seek dismissal of Sweat's claims based on *res judicata.* (Doc. 18, 22). The doctrine of *res judicata* encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion. *See Baker by Thomas v. General Motors Corp.,* 522 U.S. 222, 233 n. 5 (1998). Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered. *See* Restatement (Second) of Judgments § 24. A final

judgment on the merits of an action precludes the parties or their privies from relitigating issues that actually were or could have been raised in that action. *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1520 (10th Cir. 1990).

In contrast to claim preclusion, issue preclusion bars a party from relitigating an issue once that party has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim. *See Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 (10th Cir. 2000). "In general, issue preclusion applies when: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Park Lake Res. Ltd. Liab. v. U.S. Department Of Agriculture*, 378 F.3d 1132, 1136 (10th Cir. 2004) (quoting *Dodge*, 203 F.3d at 1198); *Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992). "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443 (1970).

**(i) <u>Detective Mike Rickards:</u>**

Claim II of the Complaint is directed exclusively against Defendant Rickards. Sweat alleges that:

> "On August 9, 2013, Det. Mike Rickards did file a criminal complaint under penalty of perjury accusing Alree B. Sweat III of committing the crime of resisting, Evading or Obstruction of Justice in Dona Ana County, when Alree B. Sweat III was nowhere near Dona Ana County and was clearly residing in Luna County on August 8, 2013 during and after the call via telephone by Det. Mike Rickards."

(Doc. 1 at 10–11, Claim II). In Count VII, Sweat asserts that Detective Rickards committed the crime of perjury by making a false statement under oath and the charge of Evading or Obstruction of Justice was subsequently dismissed by a Nolle Prosequi issued by the State of New Mexico. Sweat claims that this conduct violated Sweat's constitutional rights and constituted malicious prosecution under state law. (Doc. 1 at 20–21).

Sweat contends that the statement by Rickards that the crime was committed in Dona Ana County is a false statement under oath by a public officer and this false statement resulted in an arrest without probable cause in violation of the Fourth Amendment and a denial of a fair trial in violation of his due process rights.

> "On August 9, 2013 Det. Mike Rickards filed a criminal complaint under penalty of perjury.  In the Complaint Statement of Facts in Support of Complaint line (7) Det. Mike Rickards clearly testifies he contacted Chris from Action Bail Bonds and obtained Mr. Sweat's address in Deming, NM and Mr. Sweat's phone number. Line (8). Det. Mike Rickards clearly testifies he contacted Mr. Sweat via telephone August 8, 2013 while Mr. Sweat was at his address at 1101 E. Maple St. in Deming, NM known as Luna County and not Dona Ana County."

(Doc. 1 at 5, ¶ 3). Sweat's allegations are without merit. At the time Sweat advised Rickards by telephone that he would not comply with the search warrant, Rickards was in Dona Ana County and the alleged crime of evading or obstructing occurred in Dona Ana County.

Moreover, in case No. CV 14-00034, Plaintiff Sweat made the same claims of unreasonable seizure based on an allegedly "bogus" warrant against Detective Rickards. The Court concluded that probable cause for the arrest had been determined against Sweat when he was bound over for trial in state court and that, absent a subsequent favorable termination of the criminal proceedings on the merits, Sweat's allegations did not state a claim for relief against Detective Rickards. Although the criminal proceedings were ultimately dismissed, the dismissal was based on Rickards' failure to appear and testify, not on an adjudication of probable cause in

10

favor of Sweat. (CV 14-00034 Doc. 19 at 3–4). Rickards has pled the defenses of claim preclusion and failure to state a claim. (Doc. 18 at 6). The contentions by Sweat against Detective Rickards have already been adjudicated adverse to Sweat and he may not relitigate them again in this proceeding. Based on either claim preclusion or issue preclusion, Sweat's claims against Detective Rickards are barred. *Sil–Flo, Inc.,* 917 F.2d at 1520; *Ashe,* 397 U.S. at 443.

### (ii) Deming Police Officer Zack Sigmon (incorrectly identified as "Z. Zigmon"):

Sweat's allegations against Deming Police Officer Sigmon are that, "on August 9, 2013 the Deming police department did arrest Alree B. Sweat II on Resisting, Evading or Obstruction of Justice that Det. Mike Rickards filed in Dona Ana County . . . Deming Police Ofc. Z. Zigmon did transport Alree B. Sweat II to Luna County Detention Center. (Doc. 1 at 14–15). In prior litigation, Sweat raised the identical claims against "Deming Police Officer John Doe." *See Sweat v. Judge Conrad Perea, et al.,* No. CV 14-00034 LH/LAM Doc. 19. The Court dismissed the claims against "Deming Police Officer John Doe" with prejudice for failure to state a claim for relief. (CV 14-00034 Doc. 19 at 3, 5).

The claims and issues asserted against Deming Police Officer Sigmon are identical to the claims presented against Deming Police Officer John Doe in the previous action. The prior action has been finally adjudicated on the merits and a final judgment was entered. Sweat was the Plaintiff in the prior adjudication, and Sweat had a full and fair opportunity to litigate the issues in the prior action. *Park Lake Res. Ltd. Liab.*, 378 F.3d at 1135–36. The claims against Deming Police Officer Sigmon are similarly barred by claim or issue preclusion and fail to state a claim for relief. *Dodge*, 203 F.3d at 1198; *Sil–Flo, Inc.,* 917 F.2d at 1520; *Ashe,* 397 U.S. at 443. The Court will grant Defendant Sigmon's Motion to Dismiss. The Court will also deny

Defendant's Sigmon's Motion to Strike (Doc. 45) as moot in light of the Court's dismissal of the claims against him.

### (iii) Detective Jeff Ferguson:

Sweat contends that Deming Police transported him "to the Deming police department to wait for Det. Jeff Ferguson to arrive from Las Cruces to executed a search warrant that did not contain the seal of the court, and the docket number of the case as directed by rule 1.004 NMRA . . . Detective Ferguson executed a search warrant that was defective and not in compliance with 1.004 NMRA process." (Doc. 1 at 14–15). Detective Ferguson raises claim preclusion and failure to state a claim as defenses to this action. (Doc. 18 at 6).

In CV 14-00034, Sweat asserted the same contention against "John Doe of LCPD." See CV 14-00034 Doc. 19). The Court dismissed the claims against "John Doe of LCPD", holding that "[n]o relief is available on these claims because, as stated in the complaint, each of these actions was taken pursuant to a warrant issued by Defendant Judge Perea." (CV 14-00034 Doc. 19 at 3). The only difference in the allegations in No. CV 14-00034 and this case are that Plaintiff Sweat has now identified "John Doe of LCPD" as Detective Jeff Ferguson. The adjudication of the claims and issues against "John Doe of LCPD" bar relitigation of those claims against Detective Ferguson in this case. *Park Lake Res. Ltd. Liab.*, 378 F.3d at 1135–36; *Dodge,* 203 F.3d at 1198; *Sil–Flo, Inc.,* 917 F.2d at 1520.

### (iv) John Doe (2):

Last, for purposes of Count V, Sweat alleges:

> "Alree B. Sweat III was then dressed out by booking officer John Doe (2) In a room in the county jail and was asked to strip naked for a visual. John Doe (2) then escorted Alree B. Sweat III to get his bedding before placing Alree B. Sweat III into a housing unit. . ."

(Doc. 1 at 7).

> "Booking Ofc. John Doe (2) did unlawfully conduct a strip search of Alree B. Sweat III totally naked before issuing the Luna County Detention Center uniform for detainees."

(Doc. 1 at 16).

Arrestees being booked into correctional facilities do have Fourth Amendment constitutional rights to be free of unreasonable searches and seizures. However, not all strip searches are unconstitutional. *Foote v. Spiegel*, 118 F.3d 1416, 1425 (10th Cir. 1997). A policy or practice of strip searching all arrestees as part of the process of booking them into the general population of a detention facility, even without reasonable suspicion to believe that they may be concealing contraband, is constitutionally permissible. A practice impinging on an inmate's constitutional rights will be upheld where it is "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987).

The security concerns inherent in a situation where the arrestee will be placed in the general prison population are obvious. *Archuleta v. Wagner,* 523 F.3d 1278, 1284 (10th Cir. 2008). Maintaining safety and order at detention centers is reasonably related to legitimate penological interests and requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to problems. *Turner,* 482 U.S. at 89. Therefore, a strip search of an arrestee being booked into the correctional facility is constitutionally permissible, at least where the strip search is no more intrusive than the one the Supreme Court upheld in *Bell v. Wolfish,* 441 U.S. 520, 558 (1979). *See Powell v. Barrett*, 541 F.3d 1298 (11th Cir. 2008).

The Supreme Court, in *Bell v. Wolfish,* upheld a rule requiring pretrial detainees in federal correctional facilities "to expose their body cavities for visual inspection as a part of a strip search conducted after every contact visit with a person from outside the institution[s],"

deferring to the judgment of correctional officials that the inspections served not only to discover but also to deter the smuggling of weapons, drugs, and other prohibited items. 441 U.S. at 558. *See also Block v. Rutherford,* 468 U.S. 576, 586–587 (1984). "[C]orrectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 328 (2012). *See also Hudson v. Palmer,* 468 U.S. 517, 522–523 (1984); *Block,* 486 U.S. at 584–585.

The obvious security concerns inherent in a situation where the detainee will be placed in the general prison population warrant searches of arrestees intermingled with general population of a corrections facility. *Archuleta,* 523 F.3d at 1284. The rights of arrestees placed in custodial housing with the general jail population are not violated by a policy or practice of strip searching each one of them as part of the booking process, provided that the searches are no more intrusive on privacy interests than those upheld in the *Bell* case, and the searches are not conducted in an abusive manner. *Bull v. City and County of San Francisco*, 595 F.3d 964, 980–81 (9th Cir. 2010); *Powell,* 541 F. 3d at 1314.

In this case, Sweat alleges no more than that, as part of the booking process, he was taken to a room by one of the booking officers, John Doe (2), asked to take off his clothes and undergo a visual inspection, and then given a facility uniform to put on before being placed in the general facility population. Sweat does not allege that he was subjected to body cavity searches or that the visual search was conducted in an unreasonably intrusive or abusive manner. Sweat's allegations against John Doe (2) do not state a Fourth Amendment claim for relief. *Archuleta* 523 F.3d at 1284; *Bull*, 595 F.3d at 980–88; *Powell,* 541 F.3d at 1314.

### (v) **Sweat's Remaining Double Jeopardy and State Law Clams:**

As set out, above, Sweat was granted a reasonable time to identify the individual that, in

Count VI, he alleges subjected him to double jeopardy. The only individual he has identified is Detective Rickards, who was not a prosecutor and could not have tried Sweat twice for the same crime. Count VI does not state a claim for relief because Sweat has not identified any individual that violated his constitutional rights by subjecting him to double jeopardy. Therefore, Count VI will also be dismissed for failure to state a claim on which relief can be granted.

Last, in his Complaint, Sweat claims the Defendants committed a long list of state law violations, such as slander, fraud, kidnapping, and defamation, as well as constitutional violations. (Doc. 1 at 9, ¶ 23). To the extent any state law claims were dismissed without prejudice in his prior action and are not barred by the doctrine of *res judicata*, those claims are also subject to dismissal under 28 U.S.C. § 1915 and Fed. R. Civ. P. 12(b)(6). Sweat does not make any separate factual allegations that would support any state claims. His mere conclusory listing of those causes of action is not sufficient to state any claim for relief. *Dunn,* 880 F.2d at 1190.

**IT IS ORDERED** that Plaintiff Sweat's Motion to Amend Complaint (Doc. 20), Motion for Default Judgment (Doc. 26), and Motion for Appointment of Counsel (Doc. 43) are **DENIED;**

**IT IS FURTHER ORDERED** that Defendant Zack Sigmon's Motion to Strike Plaintiff's Reply to Reply in Support of Defendant Sigmon's Motion to Dismiss (Doc. 49) is **DENIED** as moot; and

**LAST, IT IS ORDERED** that the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) filed by Defendant Zack Sigmon (Doc. 22) and Defendants Michael Rickards' and Jeffrey Ferguson's defenses of failure to state a claim and claim preclusion (Doc. 18) are **GRANTED** and the 1983

Prisoner Civil Rights Complaint filed by Plaintiff Alree B. Sweat III ("Complaint") (Doc. 1) is **DISMISSED** with prejudice.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE